IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| H.S. FIELD SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-531-JED-PJC |
| v. ) | |
| ) | |
| CEP MID-CONTINENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court has for its consideration "Plaintiff's Motion to Strike Defendant's Affirmative Defenses" (Doc. 16), in which plaintiff requests that the Court strike all affirmative defenses set forth in the defendant's Answer. For the reasons set forth herein, the Motion is denied.

**I.     Background**

Plaintiff's First Amended Complaint asserts claims against defendant for open account, work, labor and services provided, and breach of contract. (Doc. 13). Defendant's Answer alleges several defenses: (a) failure to state claims upon which relief can be granted; (b) that plaintiff's claims are barred by its own breaches of the parties' contract; (c) that plaintiff's claims are barred by its own failures to fulfill conditions precedent to any obligations of defendant; (d) failure of consideration; (e) plaintiff's improper conduct bars any recovery; (f) payment; (g) frustration of purpose; (h) failure to mitigate; (i) set off; (j) plaintiff's claims are barred by the terms of the contract; (k) accord and satisfaction; and (l) that punitive damages are not allowed for claims arising in contract. (Doc. 14 at 4-6). Defendant also asserted a counterclaim against plaintiff for breach of contract. (*Id.* at 6-13). Plaintiff moves to strike *all* of defendant's defenses, based upon plaintiff's assertion that the list of defenses is merely a "laundry list" and that defendant has failed to allege specific facts supporting each defense.

## II.     Discussion

Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike affirmative defenses pursuant to Rule 12(f) "are disfavored and are infrequently granted." *United States v. Hardage,* 116 F.R.D. 460, 463 (W.D. Okla. 1987); 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1381 (3d ed.) (collecting cases).  A motion to strike "seeks a 'drastic remedy' and must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances" or unless it is clear that the affirmative defenses clearly have no bearing upon the subject matter of the litigation or the defenses are clearly insufficient as a matter of law. *Hardage,* 116 F.R.D. at 463-64 (citations omitted); *see also Fed. Dep. Ins. Corp. v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

Courts review with scrutiny motions to strike that seek the determination of disputed and substantial questions of law, particularly when no significant discovery has occurred in the case. *Hardage*, 116 F.R.D. at 463.  "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of the doubt should be given to the pleader.'" *Sender v. Mann,* 423 F. Supp. 2d 1155, 1163-64 (D. Colo. 2006) (quoting *Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 737 (N.D. Ill. 1982)).   The reason for this rule is that "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," and "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may

lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt,* 532 F. Supp. at 736.

Rule 8 requires that a defendant "state in short and plain terms its defenses to each claim asserted against it," and the rule lists numerous, specific affirmative defenses which must be set forth if the defendant claims them to be applicable. Fed. R. Civ. P. 8(b)(1)(A), (c). In addition, a "party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

Courts are split as to whether the pleading requirements for complaints, which are set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to statements of affirmative defenses. *See, e.g.*, *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1256-57 (D. Kan. 2011) (holding that those standards do *not* apply to affirmative defenses and collecting cases disagreeing as to whether *Twombly / Iqbal* standards govern affirmative defenses); *Constr. Ind. Laborers Pension Fund v. Explosive Contractors, Inc.*, No. 12-2624-EFM, 2013 WL 3984371 (D. Kan. Aug. 1, 2013) (noting disagreement between judges of the District of Kansas as to whether *Twombly / Iqbal* standards apply to defenses and holding that those standards *do* apply to affirmative defenses); *Holdbrook v. Saia Motor Freight Line, LLC.*, No. 09-CV-2870-LTB-BNB, 2010 WL 865380, *2 (D. Colo. Mar. 8, 2010) (noting disagreement amongst district courts and concluding best approach is that *Twombly / Iqbal* standards do not apply to affirmative defenses); *see also Pezzuto v. Premier Hospitality Mgmt., Inc.,* No. 10-CV-068-JHP, 2010 WL 2788163 (E.D. Okla. July 14, 2010) (noting difference of opinion on the issue and denying motion to strike without deciding the issue, because the plain and short statement of defenses provided sufficient notice when read in conjunction with the complaint); *Schlottman v. Unit Drilling Co., LLC*, No. Civ-08-1275-C, 2009 WL 1764855 (W.D.

Okla. June 18, 2009) (noting that answers are often necessarily stated without factual detail because defendants are responding to plain statements of claim in a complaint; denying a motion to strike defenses).

Plaintiff does not attack the legal validity of any specific defense asserted by defendant, but only generally seeks to strike *all* defenses. Based upon review of the claims set forth in the Amended Complaint and the defendant's Answer and affirmative defenses, the Court need not determine whether the *Twombly / Iqbal* pleading standards apply to the defendant's averment of defenses. Even assuming that those standards apply, and also applying the standards applicable to motions to strike defenses, the defenses asserted by defendant in this action are "plausible" defenses to the types of contract claims asserted by plaintiff in its Amended Complaint. *See Twombly*, 550 U.S. at 555-56, 570. The Court also notes that defendant has provided sufficient descriptions of those defenses to put plaintiff on notice as to the nature of the defenses asserted, consistent with the purpose of Rule 8(c). *See, e.g., Marino v. Otis Eng'g Corp.,* 839 F.2d 1404, 1408 (l0th Cir. 1988) (raising an issue as a defense three months prior to trial served "the purpose behind Rule 8(c) . . . of putting 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.'").

IT IS THEREFORE ORDERED that the Motion to Strike Defendant's Affirmative Defenses (Doc. 16) is **denied.**

IT IS SO ORDERED this 25th day of September, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE