IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| H.S. FIELD SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-531-JED-PJC |
| | ) | |
| CEP MID-CONTINENT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The District Court has referred to the undersigned U.S. Magistrate Judge, *Plaintiff's Motion to Dismiss Defendant's "objection to Plaintiff's Response Pursuant to Judicial Order and Request for Sanctions and Finding of Contempt."* [Dkt. No. 112 (hereafter, "Plaintiff's Motion to Dismiss")]. For the reasons set forth herein, I **RECOMMEND** that the Motion be **DENIED** and, instead, treated as a Response to Defendant CEP Mid-Continent LLC's Objection to Plaintiff's Response Pursuant to Judicial Order and Request for Sanctions and for a Finding of Contempt. [Dkt. Nos. 100 & 101 (hereafter, the "Second Motion for Contempt")].

## BACKGROUND

Plaintiff brought this action on theories of open account, breach of contract and quantum meruit. [Dkt. No 13]. Defendant then counterclaimed for breach of contract. [Dkt. No. 15]. Discovery battles soon ensued. [*E.g.*, Dkt. Nos. 31, 53, 61, 76, 81, 84, 85, 101, 116,]. Defendant has filed two motions for

1

contempt [Dkt. Nos. 76 & 101], and multiple requests for sanctions. In response to the Second Motion for Contempt, Plaintiff filed its Motion to Dismiss, arguing that the motion failed to state a claim upon which relief can be granted. In essence, the Motion to Dismiss uses the legal standard provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure, to argue that the Second Motion for Contempt fails to state a claim for relief.

Defendant responds to Plaintiff's Motion to Dismiss by arguing, *inter alia*, that Rule 12(b)(6) is not the proper vehicle to challenge a motion for contempt. [Dkt. No. 143]. I believe this argument is dispositive of the matter.

## FINDINGS OF FACT

1. On May 16, 2014, during the course of discovery, this Court Ordered the Plaintiff H.S. Filed Services, Inc. ("HS") to provide certain information requested by Defendant CEP Mid-Continent LLC ("CEP"):

   > [W]ithin 10 days of this Order, HS is to provide detailed information as to what documents were destroyed, when they were destroyed and why. If such information is unavailable, as to each category of documents, HS shall state why the information is unavailable and identify all persons with knowledge of those documents and their destruction. In addition, HS shall determine the location of the documents that CEP photographed during document review but which did not appear among the documents after copying. [See Ex. 1 to April 24, 2014, hearing].

   [Dkt. No. 91].

2. On May 23, 2014, HS filed its Response Pursuant to Judicial Order, attacking the premise of Defendant's prior discovery motions, without

2

directly addressing the requirements of the Court's Order. [Dkt. No. 92].

3. On June 6, 2014, CEP filed the Second Motion for Contempt, alleging that HS had failed to comply with the Court's directives. [Dkt. No. 100].

4. On June 27, 2014, HS filed its Motion to Dismiss CEP's Second Motion for Contempt. [Dkt. No. 112].

5. CEP responded to the Motion to Dismiss on July 18, 2014, [Dkt. No 143], and supplemented this Response on September 2, 2014 [Dkt. No. 162].

## CONCLUSIONS OF LAW

1. Generally, the focus of Fed. R. Civ. P. 12(b)(6) is the Complaint, but it may include any pleading that sets forth a claim for relief in accordance with Rule 8. A motion under Rule 12(b)(6) allows a party to seek dismissal – before answering – on the grounds that the complaint fails to state a claim upon which relief may be granted. 1 Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary 240 [2013]. The motion tests the legal sufficiency of the claim. Here, HS seeks to use the Rule to test the legal or factual sufficiency of CEP's motion contending HS failed to comply with an Order of the Court regarding discovery.

3

2. It is clear that the purpose of Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the *complaint* after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (emphasis added). The motion addresses a question of law – the legal sufficiency of the complaint, not its factual support. *Dubbs v. head Start, Inc.*, 336 F.3d 1194, 1202 (10th Cir. 2003).

3. Because Rule 12(b)(6) is directed at the claims set forth in the Complaint, courts have held that the Rule "must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court . . . ." *Wildwood Child and Adult Care Food Program, Inc. v. Colorado Dept. of Pub. Health and Environment*, 122 F.Supp.2d 1167, 1170 (D.Colo. 2000).

4. Only when the Complaint fails to meet the liberal pleading standard of Rule 8, is it subject to dismissal under Rule 12(b)(6). 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356.

5. Rule 12(b)(6) applies to the original complaint, counterclaims, cross-claims, third party claims or "any other Rule 14 claim[1]." *Id.*

6. HS has offered no authority – and the Court has found none – indicating that Rule 12(b)(6) applies to a contempt motion related to discovery disputes.

---

[1] Fed.R.Civ.P. 14 relates to Third-Party Practice and the claims that a defendant may bring against a Third-Party.

7. Consequently, I conclude that a Rule 12(b)(6) Motion to Dismiss is not the proper vehicle to attack a motion for civil contempt.[2] I further conclude that the Motion to Dismiss is more appropriately treated as a response to the Second Motion for Contempt.

8. HS also argues that the Second Motion for Contempt is flawed because it either re-argues the same grounds for contempt identified in CEP's first Motion for Contempt or fails to identify any new grounds supporting the Second Motion for Contempt. These arguments should be addressed when the Court considers the merits of the Second Motion for Contempt.

9. I find no violation of Fed. R. Civ. P. 11(b) as alleged by HS.

10. Accordingly, I **RECOMMEND** that the Motion to Dismiss be **DENIED** and instead designated as Plaintiff's response to the Second Motion for Contempt.

## SUMMARY

The undersigned has focused on the question of whether Plaintiff's Motion to Dismiss is the proper vehicle to challenge the Second Motion for Contempt. I conclude that it is not, and that the Motion to Dismiss should be **DENIED** and treated instead as a Response to the Second Motion for Contempt.

---

[2] When the primary purpose of a contempt motion is to seek compliance with a court order, the proceeding is remedial in nature and is, therefore, a civil contempt. *See Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998).

## OBJECTIONS

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by November 19, 2014. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

**DATED** this 5th day of November 2014.

Paul J. Cleary
United States Magistrate Judge