# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| H.S. FIELD SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-531-JED-PJC |
| CEP MID-CONTINENT, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) (Doc. 171) of the Honorable Paul J. Cleary, United States Magistrate Judge. In the R&R, Judge Cleary recommends that the Court deny plaintiff's "Motion to Dismiss Defendant's 'Objection to Plaintiff's Response Pursuant to Judicial Order and Request for Sanctions and Finding of Contempt'" (Doc. 112) (Motion to Dismiss). The Court has conducted a de novo review, which included review of the R&R, the filings on the Motion to Dismiss, the filing and docket entries which are the target of the Motion to Dismiss, the plaintiff's Objection to the R&R, and the defendant's Response to the Objection, as well as legal authorities.

In the R&R, Judge Cleary concluded that plaintiff's Motion to Dismiss, which was founded on Fed. R. Civ. P. 12(b)(6), is not a proper vehicle to attack a motion for civil contempt / sanctions based upon discovery issues. Plaintiff has cited no authority to the contrary. In its Objection, plaintiff repeatedly references the defendant's motion for contempt / sanctions as a "pleading" to which Rule 12(b)(6) applies. But it is abundantly clear that the Federal Rules treat "motions" as separate and distinct from "pleadings." *Compare* Fed. R. Civ. P. 7(a), (b). The only "pleadings" allowed are complaints, answers, and replies to answers. Fed. R. Civ. P. 7(a). Case law further supports the conclusion that a motion is not a "pleading" within the meaning of

the Federal Rules of Civil Procedure.  *See, e.g., Phinney v. Paulshock*, 181 F.R.D. 185, 207 (D.N.H. 1998), *aff'd*, 199 F.3d 1 (1st Cir. 1999) (concluding that a motion for sanctions is not a "pleading" under Rule 7(a) and denying a motion to strike under Rule 12(f), as that rule applies only to certain matters in a "pleading"); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006) (brief in support of *Daubert* motion is not a "pleading" for purposes of Rule 12(f)); *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schools*, 230 F.R.D. 657, 660 (D.N.M. 2005) (a reply brief in support of a motion is not a "pleading").

While most of the cases on this issue involved motions to strike matters from pleadings under Rule 12(f), Rule 12(b)(6) similarly applies only in the context of a "pleading" in that it allows a motion to dismiss a claim raised in a "pleading."  To find motions to dismiss motions proper would open the door to potentially never-ending litigation, in which every motion is met with a corresponding motion rather than a proper response to the motion.  Accordingly, the Court agrees with Judge Cleary's recommendation that the plaintiff's motion to dismiss (Doc. 112) be denied and instead designated as plaintiff's response to the defendant's second motion for sanctions and motion for contempt (Doc. 100, 101).  The Court notes that Doc. 112 has already been docketed as a response in opposition to Doc. 100, 101 (*see* Doc. 163).  In addition, the Court agrees with Judge Cleary's finding that there was no violation of Rule 11(b).

For the reasons set forth herein, the plaintiff's Objection to the R&R (Doc. 173) is **overruled**, the R&R (Doc. 171) is **accepted** in its entirety, and the Motion to Dismiss (Doc. 112) is **denied**.

IT IS SO ORDERED this 29th day of January, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE